Zimmerman, J.
 

 This is an appeal from a decision of the Board of Tax Appeals affirming an order of the Tax Commissioner which levied supplemental tax assessments against the appellant, The Texas Company, a Delaware corporation doing business in Ohio, covering motor-vehicle and liquid fuel [gasoline] consumed by fire under circumstances hereinafter related.
 

 Pertinent facts are as follows:
 

 Pursuant to a written agreement between appellant and the Gulf Befiriing Company, appellant placed gasoline, belonging to it and produced outside Ohio, into storage tanks owned by Gulf at the city of Cleveland. According to the agreement, the stored gasoline was to be withdrawn and dispensed by Gulf as directed and ordered by appellant.
 

 Through the fault and mistake of Gulf, a duplicate order of appellant’s gasoline was removed from storage at Cleveland and delivered by
 
 tank or transport truck
 
 to a customer of appellant, at the city of Nor-walk. Shortly thereafter such gasoline became ignited and was destroyed by fire.
 

 Seeking a reversal of the decision of the Board of Tax Appeals, appellant contends that, since its gasoline was taken from storage without its permission and through an error on the part of Gulf, Gulf converted the product and thereby acquired title thereto; hence any tax liability with respect to the gasoline is assessable against Gulf.
 

 Is such position tenable?
 

 This case is decided under the statutes as they
 
 *10
 
 existed prior to their amendment or repeal effective in December 1947.
 

 Sections 5527, 5541 and 5542-2, General Code, impose excise taxes, at a stated rate per gallon, on all dealers in motor vehicle fuel or liquid fuel, as the case may be,, upon the use, distribution or sale within Ohio by them of such fuel.
 

 There is no question that the fuel here involved is of a character subject to the several excise taxes imposed.
 

 Under the definition contained in Section 5526, General Code, a dealer is one who imports or causes to be imported into Ohio any motor-vehicle fuel for use, distribution or sale and delivery in this state, or who produces, refines, prepares, distills, manufactures or compounds motor-vehicle fuel in Ohio for use, distribution or sale and delivery in this state.
 

 “Dealer” is similarly defined in Section 5542-1, General Code, with respect to liquid fuel.
 

 The facts are that appellant imported or caused to be imported into Ohio motor-vehicle fuel and liquid fuel for distribution or sale and delivery in Ohio and was a “dealer” within the statutory definitions of that term.
 

 Moreover, the sale and distribution of the gasoline, which is the subject of the present controversy, was to a private customer of appellant in Ohio and constituted a sale within the state, subject to the three statutory excise taxes previously mentioned.
 

 Section 5529
 
 et seq.,
 
 General Code, prescribe the reports and fix the method whereby the excise taxes on motor-vehicle fuel are to be determined, and Section 5542-6
 
 et seq.,
 
 General Code, do the same as to liquid fuel. Under these sections, the dealer is required to furnish an itemized monthly statement to the Tax Commissioner, showing the amount of all
 
 *11
 
 motor-vehicle fuel or liquid fuel, as the case may be,
 
 received
 
 by such dealer during the next preceding calendar month, and a list of all sales exempt from such taxes by statute. The taxes are computed on the basis of such statement, so it is clear that the taxes here in question attached to the. fuel-at the time of receipt, subject to any deduction for the exempted dispositions of such fuel.
 

 Thus, since none of the statutory exceptions apply in this case, the gasoline here in question became subject to the Ohio excise taxes when it was received, and the fact that the gasoline was subsequently destroyed by fire does not affect the liability of the appellant for the payment of the taxes. Eelief under such circumstances is provided for by Sections 5531 and 5542-12, General Code, which allow the taxpayer to file a claim for refund of the tax where the gasoline is lost or destroyed. This clearly shows that lost or destroyed fuel is not to be used as a deduction in computing the tax, but may be the basis of a claim for refund after the tax has been paid.
 

 Wherefore, appellant’s attempt to escape the excise taxes as to the destroyed gasoline, on the theory of conversion by Gulf, must be rejected. Assuming that a conversion of the gasoline by Gulf has been established, such conversion occurred after the receipt of the gasoline in Ohio and at a time when the excise taxes thereon against appellant had already attached.
 

 Since we find no elements of unreasonableness or unlawfulness in the decision of the Board of Tax Appeals, such decision is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Sohngen and Stewart, JJ., concur.